AO 245C(Rev. 02/16) Amended Judgment in a Criminal Case                              (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
Southern District of Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN THOMAS ALLEN<br><br>Date of Original Judgment: 2/23/2016<br>(Or Date of Last Amended Judgment) | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 3:14CR00050-001<br>USM Number: 12577-028<br><br>Jake Warrum<br>Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐28 U.S.C. § 2255 or ☐18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 and 2

☐ pleaded nolo contendere to count(s)  which was accepted by the court.

☐ was found guilty on count(s)  after a plea of not guilty

The defendant is adjudicated guilty of these offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18§2252(a)(4)(B) | Possession of Sexually Explicit Material Involving Minors | 03/18/2014 | 1 & 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

8/22/2016
Date of Imposition of Sentence:

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

8/25/2016
Date

**A CERTIFIED TRUE COPY**
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By _____
Deputy Clerk

**(NOTE:  Identify Changes with Asterisks (\*))**

AO 245C(Rev. 02/16) Amended Judgment in a Criminal Case  
Judgment Page 2 of 6

DEFENDANT: John Thomas Allen  
CASE NUMBER: 3:14CR00050-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **60 months, each count, to be served concurrently.**

☒ The Court makes the following recommendations to the Bureau of Prisons:

Designation to a federal facility as close as possible to southwestern Indiana, particularly Marion, IL.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at

☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on

☐ as notified by the United States Marshal.

☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant was delivered on _____ to _____  
at _____, with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

BY: _____  
DEPUTY UNITED STATES MARSHAL

AO 245C(Rev. 02/16) Amended Judgment in a Criminal Case

**(NOTE: Identify Changes with Asterisks (*))**
Judgment Page 3 of 6

DEFENDANT: John Thomas Allen
CASE NUMBER: 3:14CR00050-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **10 years, each count, concurrent.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☒ The defendant shall not shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16913, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the conditions listed below.

## CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the Court or probation officer.

2) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

3) The defendant shall answer all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

5) The defendant shall notify the probation officer prior to any change in residence or employer.

6) The defendant shall not meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged or planning to be engaged, in criminal activity, or whom the defendant knows to have been convicted of a felony, unless granted permission to do so by the probation officer.

7) The defendant shall permit a probation officer to visit him at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

8) The defendant shall notify the probation officer within 72 hours of being arrested or having any official law enforcement contact.

Case 3:14-cr-00050-RLY-CMM   Document 55   Filed 08/25/16   Page 4 of 6 PageID #: 284

(NOTE: Identify Changes with Asterisks (*))
AO 245C(Rev. 02/16) Amended Judgment in a Criminal Case | Judgment Page 4 of 6

DEFENDANT: John Thomas Allen
CASE NUMBER: 3:14CR00050-001

9) As directed by the probation officer, the defendant shall notify third parties of the nature of the defendant's current offense conduct and conviction and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

10) The defendant shall participate in a program of treatment for sexual disorders and shall comply with the rules of the treatment program. The defendant shall pay a portion of the costs in accordance with his ability to pay. The Court authorizes the release of the presentence report and available psychological records to the treatment provider, as approved by the probation officer.

11) The defendant shall submit to routine polygraph examinations, as directed by the probation officer.

12) The defendant shall not possess any pornography, erotica or nude images if the same is detrimental to his treatment progress as determined by the treatment provider. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

13) The defendant shall not possess or use a computer, including any Internet-enabled device, during the time of supervised release, unless approved by the probation officer. If approved, the defendant agrees to comply with the Computer Restriction and Monitoring Program as directed by the probation officer. The defendant is responsible for the costs associated with the monitoring program. The defendant shall advise the probation officer of all computers available for his use. The defendant shall warn other users of the existence of the monitoring software placed on the computer(s). Any computer or Internet-enabled device may be considered contraband and subject to confiscation.

14) The defendant shall not have unsupervised contact with a minor child unless approved by the Court. Supervised contact with a minor child must be approved in advance by the probation officer.

15) The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors except as approved by the probation officer.

16) The defendant shall submit to the search of his person, vehicle, office/business, residence and property, including computer systems and Internet-enabled devices, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the defendant. Other law enforcement may assist as necessary. The defendant shall submit to the seizure of any contraband that is found, and should forewarn other occupants or users that the property may be subject to being searched.

17) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

18) The defendant shall provide the probation officer access to any requested financial information.

I understand that I and/or the probation officer may petition the Court to modify these conditions, and the final decision to modify these terms lies with the Court. If I believe these conditions are being enforced unreasonably, I may petition the Court for relief or clarification; however, I must comply with the directions of my probation officer unless or until the Court directs otherwise. Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                              Date

_____     _____
U.S. Probation Officer/Designated Witness   Date

AO 245C(Rev. 02/16) Amended Judgment in a Criminal Case

(NOTE: Identify Changes with Asterisks (*))
Judgment Page 5 of 6

DEFENDANT: John Thomas Allen
CASE NUMBER: 3:14CR00050-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $200.00 |  | $24,500.00 |

☐ The determination of restitution is deferred until        . An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| John Doe #1 | $2,500.00 | $2,500.00 |  |
| John Doe #2 | $2,500.00 | $2,500.00 |  |
| John Doe #3 | $2,500.00 | $2,500.00 |  |
| John Doe #4 | $2,500.00 | $2,500.00 |  |
| John Doe #5 | $2,500.00 | $2,500.00 |  |
| "Angela" | $12,000.00 | $12,000.00 |  |
| **Totals** | $24,500.00 | $24,500.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C(Rev. 02/16) Amended Judgment in a Criminal Case

(NOTE: Identify Changes with Asterisks (*))
Judgment Page 6 of 6

DEFENDANT: John Thomas Allen
CASE NUMBER: 3:14CR00050-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due
   ☐ not later than _____, or
   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☒ F or ☒ G below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future. The victims' recovery is limited to the amount of loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

G ☒ Special instructions regarding the payment of criminal monetary penalties:

Any unpaid restitution balance during the term of supervision shall be paid at a rate of not less than 10 % of the defendant's gross monthly income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s): _____

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
    one Compaq Presario, model #CQ60-615DX laptop, Serial Number: 2CE0110RL2 (Asset Identification Number 15-FBI-003629).*